UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60925-CIV-ALTONAGA/Goodman

**CHEYTAC USA, LLC**,

      Plaintiff,
v.

**NEXTGEN TACTICAL, LLC**, *et al.*,

      Defendants.
_____/

## ORDER

Plaintiff, Cheytac USA, LLC, filed a Complaint for Injunctive and other Relief [ECF No. 1], Motion for Temporary Restraining Order and Preliminary Injunction ("First Motion") [ECF No. 9], and Motion for Limited, Expedited Discovery and to Preserve Evidence ("Second Motion") [ECF No. 8], all on May 10, 2017.  Defendants, Nextgen Tactical, LLC, Dennis Omanoff, and John Taylor, have not been served with the Complaint.[1]  Nor do the Motions contain certificates of service.  Plaintiff requests the Court enter a temporary restraining order and preliminary injunction (*see generally* First Motion), against Defendants; and asks that it be allowed to take limited and expedited discovery in order to have a complete record to support its request for a preliminary injunction (*see* Second Motion 3).

The Court cannot grant the relief Plaintiff requests, in the manner presented.  While a temporary restraining order may be issued without notice to the adverse party, a preliminary injunction is issued after the adverse party has received notice of the requested relief.  *See* FED. R. CIV. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral

---

[1] Indeed, Plaintiff also filed on this date a Notice of Filing Proposed Summons to be Issued by the Clerk of Court [ECF No. 7].

CASE NO. 17-60925-CIV-ALTONAGA/Goodman

notice to the adverse party . . . ."); *id.* 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). Consequently, the First Motion, containing a combined request, part of which may be presented and considered without notice and part of which may not, is not well-taken.

The Second Motion seeks discovery from Defendants for use in a future preliminary injunction hearing. (*See generally* Second Motion). It contains as exhibits a first request for production of documents (Exhibit A), a first set of interrogatories (Exhibit B), and a proposed order (Exhibit C) requiring Defendants to respond to the attached discovery within seven days of entry of the proposed order. Yet, the Second Motion, addressed to obtaining information for converting a TRO into a preliminary injunction – the latter of which, again, which may only issue on notice – is similarly filed without notice to Defendants in violation of Federal Rule of Civil Procedure 5(a)(1)(D) and Local Rule 5.2(a).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions **[ECF Nos. 8, 9]** are **DENIED** without prejudice. Any re-filed motion for TRO must contain a proposed order specifying the relief requested, and the proposed order must be separately submitted to the Court in compliance with the Local Rules.

**DONE AND ORDERED** in Miami, Florida, this 10th day of May, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record