UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60925-CIV-ALTONAGA/Goodman

**CHEYTAC USA, LLC**,

    Plaintiff,
v.

**NEXTGEN TACTICAL, LLC**, *et al.*,

    Defendants.
_____ /

## ORDER

**THIS CAUSE** came before the Court on Defendants, NextGen Tactical, LLC; Dennis Omanoff; and Dr. John Taylor's Motion for Rule 11 Sanctions [ECF No. 56], filed July 10, 2017. The relief Defendants seek is evident from the title of the Motion.

Defendants admit this case is in its "infancy" (Mot. 3), as Defendants have not yet responded to the Complaint [ECF No. 1]. Indeed, their response is not due until July 24 (*see* Order [ECF No. 33]). There is currently pending before the Court a Motion for Preliminary Injunction [ECF No. 35], set for hearing July 21 (*see* Paperless Notice [ECF No. 52]), the resolution of which will require the Court to determine Plaintiff's "likelihood of success on the merits," *see, e.g.*, *Lebron v. Sec'y, Fla. Dep't of Children and Families*, 710 F.3d 1202, 1206 (11th Cir. 2013). Subsumed in such a determination is, of course, whether the Complaint "reflected what could reasonably have been believed by the signer at the time of signing." (Mot. 19 n.95 (quoting *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992))).

The Motion is premature; Defendants would be well served to wait for a ruling on Plaintiff's Motion for Preliminary Injunction and any forthcoming motion to dismiss; if Defendants are successful, they may renew the Rule 11 Motion. Accordingly, it is

CASE NO. 17-60925-CIV-ALTONAGA/Goodman

**ORDERED AND ADJUDGED** that the Motion is **DENIED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of July, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record