**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  17-60925-CIV-ALTONAGA/Goodman**

**CHEYTAC USA, LLC**,

> Plaintiff,

v.

**NEXTGEN TACTICAL, LLC**, *et al.*,

> Defendants.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court on Defendants, NextGen Tactical, LLC; Dennis Omanoff; and Dr. John Taylor's Motion to File Documents Temporarily under Seal [ECF No. 57], filed July 10, 2017.  Defendants seek to seal certain documents filed in support of their Motion for Rule 11 Sanctions [ECF No. 56].  (*See* Mot. 1).

Defendants, in support of their Motion for Sanctions, seek to file certain agreements between Plaintiff and non-parties, as well as an unredacted version of the Motion for Sanctions under seal.  (*See id.*).  Defendants explain they "do not believe that these or any other contracts between Plaintiff and non-parties should be treated as confidential" (*id.*), but have filed the present Motion as Plaintiff insists the documents are proprietary and confidential.  (*See id.* 2).

Defendants provide no reason to seal the documents other than the fact Plaintiff claims they are proprietary.  (*See generally id.*).  Plaintiff, in its response to Defendants' request for a "factual and legal basis for the[] documents to be treated as confidential," merely asserts the documents are confidential and proprietary without offering any legal basis.  (Mot., Ex. 1, Email Correspondence [ECF No. 57-1] (alteration added)).  While some portions of the documents may be sensitive and thus entitled to being sealed, Plaintiff's assertion, and therefore Defendants'

CASE NO. 17-60925-CIV-ALTONAGA/Goodman

request, is not sufficiently limited and targeted.  *See United States v. Castillo*, 568 F. App'x 774, 783 n.1 (11th Cir. 2014) (holding the defendant's motion to seal the record on appeal was overly broad because the defendant failed to identify which portions of the record contained potentially sensitive information and thus failed "to overcome the presumption in favor of public access to judicial records," while granting motion to seal a reply brief because the request was "limited and targeted").  Defendants do not identify which portions of the documents are sensitive enough to require sealing, and which potentially may be made available to the public.  Due to the public interest in open access to the court system, *see Romero v. Drummond Co.*, 480 F.3d 1234, 1248 (11th Cir. 2007), the Court declines to grant Defendants' Motion.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 57]** is **DENIED**.

2. Because the Motion for Rule 11 Sanctions is denied as premature (*see* Order [ECF No. 59]), there is no need to address the appropriate procedure for re-filing the Exhibits. All parties are cautioned, however, any future motions to seal must be presented as limited requests, accompanied by factual and legal support.

**DONE AND ORDERED** in Miami, Florida, this 11th day of July, 2017.

CECILIA M. ALTONAGA
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record