UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-60925-CIV-ALTONAGA

CheyTac USA, LLC

    *Plaintiff*,

    v.

NextGen Tactical, LLC, and
Dennis Omanoff,

    *Defendants*.

_____/

## DEFENDANTS' RENEWED MOTION FOR RULE 11 SANCTIONS

Defendants NextGen Tactical LLC, Dennis Omanoff, and former Defendant Dr. John Taylor, Ph.D, hereby renew their motion for sanctions against Plaintiff CheyTac USA LLC, its attorney Andrew Rapacke, and his law firm Rapacke Law Group, P.A., under Rule 11 of the Federal Rules of Civil Procedure.[1] Defendants served their Rule 11 Motion on June 16 and filed it on July 10, 2017 [ECF No. 56]. On July 11, the Court denied the Motion as premature, instructing that "Defendants would be well-served to wait for a ruling on Plaintiff's Motion for Preliminary Injunction and any forthcoming motion to dismiss; if Defendants are successful, they may renew the Rule 11 Motion."[2] On July 21, the Court denied the preliminary injunction motion.[3] On October 12, the Court granted Defendants' Motion to Dismiss the Second Amended Complaint, finding that "the question of which of Plaintiff's claims need be decided by the arbitrator is one for the arbitrator herself."[4]

---

[1] Dr. Taylor remained a Defendant in this case up to and including Plaintiff's voluntary dismissal of him on July 21, 2017.

[2] ECF No. 59, at 1.

[3] ECF No. 21.

[4] ECF No. 100, at 9.

1

Accordingly, Defendants now renew their July 10 motion for Rule 11 sanctions.

Through its repeated frivolous filings, Plaintiff and its attorneys have demonstrated a conscious indifference to obvious facts, law, and warnings provided by Defendants *and this Court*.[5] Quite simply, Plaintiff has long been aware that it had no business in this forum, but has instead chosen to effect a tremendous waste of the time and resources upon Defendants and the Court.

Defendants have spent the last six months fighting four motions for injunctive relief and responding to three complaints—all of which were substantively and procedurally frivolous. At the same time, they repeatedly and regularly put Plaintiff on notice of its transgressions by serving separate Rule 11 motions in response to each iteration of Plaintiff's pleading.[6] Plaintiff has no good faith argument in fact or law that can make the last six months anything other than an unreasonable waste.

The Court should grant Defendants' July 10 Rule 11 Motion and sanction Plaintiff CheyTac USA LLC and its counsel, Andrew Rapacke and the Rapacke Law Group, P.A., for bringing these frivolous claims without making any reasonable inquiry and repeatedly filing false information to harass Defendants.[7]

Respectfully submitted this 17th day of October 2017.

[signature page follows]

---

[5] For example, Plaintiff continued to strenuously argue that Defendants had waived their right to arbitration several months after the Court had already explicitly noted that "they haven't," by nature of Defendants' raising the issue in every substantive filing (including the Motion for Rule 11 Sanctions). *Compare* Hr'g Tr. 21:8–22:25 (July 21, 2017) *with* ECF No. 96, at 20 (Aug. 21, 2017). *See also* ECF No. 100, at 8, Order Granting in Part Defs. Mot. to Dismiss ("Defendants have repeatedly notified the Court Plaintiff's claims are subject to arbitration") (Citing ECF Nos. 45, 56, 76, 81).

[6] The present motion seeks to renew the first of the three. The second Rule 11 motion addressed the First Amended Complaint's false claims of ownership over a patent that documents attached to the original Complaint showed it did not own. Plaintiff withdrew that false complaint, and that Motion was not filed. The third Rule 11 motion was served on August 9, and is being filed concurrently herewith.

[7] Defendants will present evidence of the attorneys' fees and expenses they have incurred as a result of the conduct of Plaintiff and its counsel at an appropriate time.

/s/ *Benjamin D. Van Horn*
Benjamin D. Van Horn
Florida Bar No. 123952
John Da Grosa Smith
(*admitted pro hac vice*)
Kristina M. Jones
(*admitted pro hac vice*)

**SMITH LLC**
1320 Ellsworth Industrial Blvd.
Suite A1000
Atlanta, Georgia 30318
bvanhorn@smithlit.com
jdsmith@smihtlit.com
kjones@smithlit.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **17th day of October, 2017**, I hereby caused to be electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Benjamin D. Van Horn*
Benjamin D. Van Horn
Florida Bar No. 123952

**SERVICE LIST**
CASE NO.: 17-60925-CIV-ALTONAGA

Andrew Scott Rapacke, Esq.
THE RAPACKE LAW GROUP, P.A.
9330 NW 10th Court
Plantation, Florida 33324
andy@arapackelaw.com

Roy D. Wasson, Esq.
WASSON & ASSOCIATES, CHARTERED
Courthouse Plaza—Suite 600
28 West Flagler Street
Miami, Florida 33130
roy@wassonandassociates.com

*Counsel for CheyTac USA LLC*

*Via ECF*