UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60925-CIV-ALTONAGA/Goodman

**CHEYTAC USA, LLC**,

    Plaintiffs,
v.

**NEXTGEN TACTICAL, LLC**,
and **DENNIS OMANOFF,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants, NextGen Tactical, LLC and Dennis Omanoff's Motion for Fees and Sanctions Pursuant to Rule 11 . . . [ECF No. 104], filed November 19, 2018. On December 1, 2018, Plaintiff's counsel, Andrew S. Rapacke, filed a Response [ECF No. 105], to which Defendants filed a Reply [ECF No. 106]. The Court has carefully considered the parties' submissions, the record, and applicable law.

### I. BACKGROUND

This case originated as a patent dispute between Plaintiff, a developer of high caliber rifles and ammunition, and Defendant, a competitor company started by Plaintiff's former CEO. (*See generally* October 12, 2017 Order [ECF No. 100]). The procedural history of this case, though temporally brief, is extensive — in addition to the Complaint [ECF No. 1], Plaintiff filed a Motion for Temporary Restraining Order [ECF No. 9] and two motions for preliminary injunction [ECF Nos. 15 & 35]. Each was denied as improper. (*See* [ECF Nos. 11, 16, 75]). Plaintiffs filed a Motion to Dismiss [ECF No. 89], which was granted (*see* October 12, 2017 Order), as well as two motions for sanctions [ECF Nos. 56 & 102], which were denied as

premature (*see* [ECF Nos. 59, 103]).

Defendants' present Motion seeks an award of costs and attorneys' fees from Plaintiff because Plaintiff's counsel, rather than demand arbitration, "filed this case in federal court seeking a jury trial for compensatory and punitive damages — flouting the arbitration provisions, the black letter of the Federal Arbitration Act, Supreme Court precedent, and the American Arbitration Association's Commercial Rules." (Mot. 1 (footnote call number omitted)). Defendants argue Plaintiff's "legal contentions were never warranted by existing law and [Plaintiff's counsel] repeatedly advanced spurious arguments designed solely to harass Defendants." (*Id.* (alteration added; footnote call number omitted)). Plaintiff's counsel disagrees, arguing (1) Defendants failed to move to compel arbitration in a timely manner (*see* Resp. 1); and (2) Plaintiff had a colorable argument arbitration was not mandatory because one of the contracts governing the parties' relationship included a "carve-out for equitable relief" (Resp. 1–2).

## II.     LEGAL STANDARDS

Rule 11 sanctions are proper when a party files a pleading: (1) for an improper purpose; (2) based on a legal theory that has no reasonable chance of success; or (3) that has no reasonable factual basis. *See Lee v. Mid-State Land & Timber Co.*, 285 F. App'x 601, 608 (11th Cir. 2008) (citation omitted). Courts must "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time [the document] was submitted." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (alteration added; internal quotation marks and citation omitted).

Defendants also seek sanctions under 28 U.S.C. section 1927, which "authorizes federal courts to require any attorney 'who so multiplies the proceedings in any case unreasonably and

vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280–81 (11th Cir. 2010) (alterations in original) (quoting 28 U.S.C. § 1927). "[T]he provisions of [section] 1927, being penal in nature, must be strictly construed." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997) (alterations added; citation omitted). To merit sanctions under section 1927, three requirements must be met: "(1) an attorney must engage in unreasonable and vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Norelus*, 628 F.3d at 1281 (internal quotation marks, alteration, and citation omitted).

### III.   ANALYSIS

#### A.  Rule 11

Defendants seek sanctions under Federal Rule of Civil Procedure 11(c) without specifying which of the three requirements of Rule 11(b) — improper purpose, no reasonable chance of success, or no reasonable factual basis — Plaintiff's counsel failed to meet. (*See generally* Mot.). Instead, Defendants state "[f]ederal courts have awarded sanctions under Rule 11 . . . where a party subject to a clear and binding arbitration agreement ignores that provision and initiates a federal case." (*Id.* 12 (alterations added)). The Court construes Defendants' argument as arising under Rule 11(b)(2), which requires a plaintiff's claims to be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Plaintiff's counsel states he had a reasonable basis for filing this action in federal court rather than immediately demanding arbitration because "the contracts involved contained arbitration provisions that were not entirely consistent with each other, one of them having a

3

carve-out for equitable relief." (Resp. 1–2).[1] As the Court noted in its October 12, 2017 Order, the Eleventh Circuit "has held where there are multiple arbitration provisions at issue and only one contains a carve-out, the matter must be referred to arbitration for a determination of which governs." (October 12, 2017 Order 7 (citing *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014))). Given the Eleventh Circuit's holding regarding claims governed by multiple arbitration agreements where one agreement contains a carve-out, Plaintiff should have been aware the proper course was to initiate arbitration and seek clarification from the arbitrator as to whether its claims were subject to arbitration or exempt under the carve-out.

With respect to sanctions under Rule 11, the question becomes whether Plaintiff's counsel had a reasonable basis for filing suit despite the holding in *U.S. Nutraceuticals*. The Response does not even mention the holding in *U.S. Nutraceuticals*, much less provide the Court with examples of cases that would controvert that case's holding and provide a basis for filing a lawsuit rather than opening an arbitration proceeding. (*See generally* Resp.). Instead, Plaintiff's counsel relies on the "legal principle that the specific takes precedence over the general" and thus the carve-out should have exempted Plaintiff's claims from arbitration. (Resp. 8). Yet citations to generalized "legal principles" cannot overcome binding authority explicated in published cases from the Eleventh Circuit. Moreover, Plaintiff's counsel cannot claim he was unaware of the holding in *U.S. Nutraceuticals*, given it appears as the *first* result in a Westlaw search for the terms "carve out" and "arbitration" together. Unless sufficient case law existed to

---

[1] Plaintiff's counsel also argues Defendants' failure to move immediately to compel arbitration "prompted RLG to question their intent to arbitrate and to argue that Defendants had waived arbitration." (Resp. 1). The relevant inquiry for determining whether Rule 11 sanctions are warranted is whether Plaintiff had a reasonable basis for its claims *before* filing suit, not whether Defendants' actions thereafter created a basis for Plaintiff's claims. Plaintiff's argument regarding potential waiver of the right to arbitration concerns only Defendants' conduct during the litigation, after the suit was filed. The waiver argument is irrelevant to the question of whether Plaintiff had a reasonable basis for filing the lawsuit in the first place, which is the only ground on which the Court is awarding Rule 11 sanctions.

4

support a good-faith challenge to the holding in *U.S. Nutraceuticals*, the choice to file suit rather than seek arbitration was frivolous.

Faced with lack of citations in the Response to cases demonstrating a legal basis for this lawsuit, the Court reviewed Plaintiff's August 21, 2017 Response [ECF No. 96] to Defendants' Motion to Dismiss Second Amended Complaint [ECF No. 89]. In the August 21, 2017 Response, Plaintiff raises its argument about a "carve out" for equitable relief, citing to a Georgia state case: *Avion Sys. v. Thompson*, 666 S.E.2d 464, 467 (Ga. Ct. App. 2008). (*See* August 21, 2017 Resp. 20). Plaintiff cites to no cases within the Eleventh Circuit that might conflict with the holding in *U.S. Nutraceuticals* requiring disputes involving arbitration agreements to be decided by an arbitrator even if one agreement contains a carve-out provision. (*See generally id.*). Plaintiff therefore had no basis to file this case in federal court, and should instead have sought arbitration immediately. *See U.S. Nutraceuticals*, 769 F.3d at 1311. Because Plaintiff had "no reasonable chance of success based on the legal theory used" when filing suit to avoid arbitration, sanctions under Rule 11 are appropriate. *Jackson v. Hall Cty. Gov't.*, 568 F. App'x 676, 679 (11th Cir. 2014).

### B. 28 U.S.C. § 1927 and Inherent Authority

Defendants also seek sanctions pursuant to 28 U.S.C. section 1927 and under the Court's inherent authority because Plaintiff's counsel "repeatedly made false claims to the Court in order to harass Defendants and expand the proceedings, unnecessarily increasing the costs of a litigation that shouldn't have been started in the first place." (Mot. 10). Because the Court has already determined sanctions are warranted under Rule 11, the Court does not reach this question.

**C. Entitlement to Sanctions**

Plaintiff chose to file a case it should have known belonged in arbitration in federal court instead. Defendants are entitled to fees as a result; however, Defendants are not entitled to recover attorneys' fees for wasteful work they performed unnecessarily. Despite their knowledge the dispute belonged in arbitration — as they pointed out to Plaintiff on multiple occasions (*see* Mot. 5) — Defendants nevertheless tried to execute an end-run around the arbitration agreements by litigating a motion to dismiss (*see* [ECF No. 89]) focused almost entirely on the merits of Plaintiff's claims rather than on the necessity of arbitrating them. (*See generally id.*). Indeed, arbitration is mentioned for the first time on the last page of the motion to dismiss, in perfunctory fashion without citation to authority. (*See id*. 21).

Accordingly, while the Court finds Defendants are entitled to fees for the expenses they incurred in order to send this dispute to arbitration, the Court does not find Defendants are entitled to fees incurred for the preparation of the various motions to dismiss or earlier motions for sanctions.

## IV.   CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 104]** is **GRANTED in part** as follows:

1. Defendants are entitled to fees incurred to prepare motions to appear *pro hac vice*. (*See* [ECF Nos. 18, 19, 20]).

2. Defendants are entitled to fees incurred in responding to the Motion for Preliminary Injunction [ECF No. 35].

3. Defendants are entitled to fees incurred in order to prepare the Joint Scheduling

Report [ECF No. 36].

4. Defendants are entitled to fees incurred during communications with Plaintiff's counsel regarding the parties' agreements, as well as any fees incurred in conferrals regarding the parties' obligation to arbitrate the dispute.

5. Defendants are entitled to fees incurred in order to prepare and file the Motion for Sanctions [ECF No. 104].

6. The parties shall meet and confer regarding the amount of fees incurred. If the parties are unable to come to agreement, Defendants shall submit affidavits and fee statements to Magistrate Judge Jonathan Goodman for review and for a determination of proper fee amounts. This matter is **REFERRED** to Magistrate Judge Goodman for any further proceedings regarding the amount of fees if the parties are unable to agree.

**DONE AND ORDERED** in Miami, Florida, this 7th day of January, 2019.

*[signature]*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record